**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 99-41039
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

TYRONE VERNER WHITEHEAD,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. V-99-CR-13-1

April 19, 2000

Before HIGGINBOTHAM, DeMOSS and STEWART, Circuit Judges:

PER CURIAM:[*]

Tyrone Verner Whitehead appeals his conviction on two counts of distribution of cocaine base (crack). Finding no error, we affirm.

Whitehead's argument regarding sufficiency of the evidence is without merit. Three witnesses, including one who had known Whitehead for a number of years, identified Whitehead in court and testified that he sold crack on the two occasions alleged in the indictment. The evidence, therefore, supports the jury's verdict beyond a reasonable doubt; the jury was free to disbelieve Whitehead's testimony to the contrary. See United States v. Jaramillo, 42 F.3d 920, 923 (5th Cir.

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1995).

We also reject Whitehead's argument that his Sixth Amendment right to confrontation was violated by the admission of testimony regarding the actions of Agent Clyde Kincaid, who died prior to trial. The right to confrontation applies only to evidence introduced at trial. See Shuler v. Wainwright, 491 F.2d 1213, 1224 (5th Cir. 1974). The Government's witnesses testified from personal knowledge regarding Kincaid's actions; no hearsay was adduced. Whitehead had ample opportunity to confront these witnesses and cross-examine them. The right to confrontation was simply not implicated.

With respect to Whitehead's final argument, the Government put on sufficient evidence that the substance introduced as Government Exhibits 1 and 2 was crack cocaine. The chemist who testified at trial personally analyzed the substance and determined that it was crack cocaine and he explained why the laboratory reports referred simply to cocaine. The jury was well within its province in accepting this testimony.

AFFIRMED.